UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, PATRICIA CLARK, PEGGY THOMSON, ROBERT JAHN, on behalf of themselves and a similarly situated class, | Case No. 05-CV-71633-DT |
| Plaintiffs, | |
| v. | |
| C.F. GOMMA, U.S.A., INC., | |
| Defendant. | |

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

Pending before the court is Defendant's "Motion to Dismiss, Or In The Alternative, Motion to Transfer Venue." Defendant's' motion has been fully briefed and the court has determined that no hearing is required. E.D. Mich. LR 7.1(e)(2). For the reasons set forth below, the court will grant Defendant's motion to transfer venue to the Northern District of Indiana and will not address Defendant's motion to dismiss.

## I. BACKGROUND

On May 11, 2005, Plaintiffs International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, AFL-CIO, et. al. filed an "Amended Class Action Complaint" on behalf of "themselves and a similarly situated class or sub-classes" against Defendant C.F. Gomma U.S.A., Inc. (Pl.'s Am. Compl. at 1.) Plaintiffs seek declaratory and injunctive relief pursuant to section 301 of the Labor-Management

Relations Act ("LMRA"), 29 U.S.C. § 185 and to recover "benefits due and to clarify rights to benefits due under an employee welfare benefit plan" under section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B). (*Id.* at 1-2.) Plaintiffs contend that the class is composed of two sub-classes, retirees (and their spouses) and laid-off employees. (*Id.* at ¶ 8.)

Plaintiffs allege that "Class representatives Patricia Clark and Robert Jahn and other members of the class and sub-classes were formerly employed at . . . Defendant [Gomma's] plant in Columbia City, Indiana, which manufactured automotive parts" until it was closed in December 2003. (*Id.* at ¶ 16.) Plaintiffs further allege that Defendant purchased the Columbia City plant in February 1998 from Dana Corporation ("Dana"). (Toth Aff. at ¶ 3.) Dana had entered into collective bargaining agreements with the UAW, that included "an obligation to provide vested lifetime retiree health care and life insurance benefits to certain employees who retired with eligibility for a pension . . . and to provide up to twenty-four months of continued health care and life insurance benefits to eligible employees who were laid-off." (*Id.* at ¶ 4; Pl.'s Am. Compl. at ¶ 16.) Following Defendant's purchase of the Columbia City plant, Defendant and the UAW "negotiated a new collective bargaining agreement effective [from] May 3, 1999 to April 8, 2005." (Pl.'s. Am. Compl. at Ex. A; Toth Aff. at ¶ 4.) Plaintiffs allege that under this agreement, Defendant "was obligated to continue to provide vested lifetime retiree health care benefits, including medical, dental, vision, and prescription drug, as well as life insurance benefits in specified amounts, to employees who retired with eligibility for certain pension benefits (and their covered spouses, dependents, and surviving spouses for health care benefits), and to provide up to twenty-four months of such

health care and life insurance benefits to eligible employees who were laid-off (and their covered spouses and dependents for health care benefits and also continued some of the benefits established in the agreements between Dana and the UAW. (Pl.'s Am. Compl. at ¶ 19.) Plaintiffs allege that on February 17, 2005, Defendant informed retirees and laid-off former employees that their health benefits plan would be terminated on April 30, 2005. (Id. at ¶ 20-21.)

Plaintiffs' amended complaint consists of four counts: violation of the collective bargaining agreement as to retirees and spouses (Count I) and laid-off employees (Count II), violation of the ERISA plan as to retirees and spouses (Count III), and laid-off employees (Count IV). (Id. at 7-9.) The Class Representatives reside in the following cities: Patricia Clark resides in Manistique, Michigan, Peggy Thompson resides in Churubusco, Indiana, and Robert Jahn resides in Columbia City, Indiana. (Id. at ¶¶ 4-6.) Defendant Gomma, is an Indiana Corporation with its headquarters in Jacksonville, Florida. (Id. at ¶ 7.)

## II. STANDARD

Transfer of proper venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This provision is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "A district

court 'has broad discretion to grant or deny a motion to transfer [a] case.'" *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (citing *Cote v. Wadel,* 796 F.2d 981, 985 (7th Cir. 1986)).

To transfer an action under § 1404(a) the following three requirements must be met: "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties." *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994). Factors to consider in determining whether to transfer venue include:

(1) the convenience of witnesses;
(2) the location of relevant documents and relative ease of access to sources of proof;
(3) the convenience of the parties;
(4) the locus of the operative facts;

(5) the availability of process to compel the attendance of unwilling witnesses;
(6) the relative means of the parties;
(7) the forum's familiarity with the governing law;
(8) the weight accorded the plaintiff's choice of forum; and
(9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

The party seeking transfer of venue typically has the burden to establish that the new forum is more convenient. *Viron Inter. Corp. v. David Boland Inc.*, 237 F. Supp. 2d 812, 815 (W.D. Mich. 2002). The court also recognizes that, under the broad language of the venue statutes, "it is quite possible for venue to exist in more than one forum." *Audi AG & Volkswagen of Amer.*, 204 F. Supp. 2d 1014, 1022 (E.D. Mich. 2002).

## III. DISCUSSION

### A. Venue Under ERISA provision 29 U.S.C. § 1132(e)(2)

Venue in ERISA actions is governed by 29 U.S.C. § 1132(e)(2), which provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where the defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2). Defendant argues that because the plan was administered by BeniComp, a company located in Fort Wayne, Indiana, that Defendant is an Indiana corporation, and that the alleged breach occurred when Defendant terminated the benefits in Indiana, transfer to Indiana is justified. (Def.'s Mot. at 2.)

Plaintiffs respond (and there is no dispute) that venue is *proper* in this district because Gomma "may be found" in this district, which is one of the standards for venue under 29 U.S.C. § 1132(e)(2). (Pl.'s Resp. at 2.) The "may be found" language is "synonymous with the minimum contacts test for personal jurisdiction." (*Id.*) (citing, e.g., *Varsic v. U.S. District Court*, 607 F.2d 245, 247 (9th Cir. 1979)). Plaintiffs contend that the court can and should exercise personal jurisdiction over Gomma because it supplies rubber brake hoses to the "Big 3" automobile manufacturers in the district, its products are shipped to Michigan plants, and the Michigan sales comprise a significant portion of Gomma's U.S. business, therefore satisfying the minimum contacts test. (Pl.'s Resp. at 4; Smith Decl. at ¶ 5.) They also assert that Defendant keeps an office in Southfield, Michigan with "at least two employees." (Pl.'s Resp. at 4; Smith Decl. ¶

7), and a Detroit bank acts "as the plan trustee of its pension plan covering hourly employees. (Pl.'s Resp. at 4; Smith Decl. at ¶ 12.) Plaintiffs also argue that Defendant used attorneys located in Bloomfield Hills, Michigan to represent it in negotiations with the UAW regarding medical benefits for retired employees after the Columbia City purchase and that Gomma was a corporation in good standing in Michigan until 1998. Plaintiffs claim that these facts favor their choice of venue in this District. (Pl.'s Resp. at 4-5.)

Plaintiffs also contend that plaintiffs' venue choices are "accentuated in ERISA litigation." (Pl.'s Resp. at 8) (citing *Reese v. CNH America LLC*, E.D. Mich. No. 04-70592 (Duggan, J.) (February 14, 2005 slip op., p. 10)). Although Plaintiffs concede that some courts do give less weight to choice of venue in class actions, they argue that the choice should receive as much weight as other factors under 28 U.S.C § 1404(a). Plaintiffs argue that the UAW is headquartered in Detroit, and that Gomma is an Indiana party "in name only" since it is headquartered in Florida and only has one "shuttered factory that is currently for sale" in Indiana. (Pl.'s Resp. at 9.) Plaintiffs also assert that correspondence about the termination of the plan issued from Florida and not Indiana. (Smith Decl. at ¶ 8, Pl.'s Resp. at Ex. A.)

### B. Transfer of Venue Under 28 U.S.C. § 1404(a)

Defendant argues correctly that the court may transfer venue under 28 U.S.C. § 1404(a) if a change is convenient. (Def's. Mot. at 5.) Although Plaintiff's choice of forum is given deference, it is possible for a moving party to demonstrate by a preponderance of the evidence that moving venue would be fair and practical. *See*

*Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001). Because Defendant and two of the class representatives are found in Indiana, the court finds that it would be more convenient for the parties to litigate in a court in Indiana. (Def.'s Mot. at 7.) Defendant argues, again correctly, that one of the most important facts to consider in determining a transfer of venue is witness convenience. (*See Thomas*, 131 F. Supp. 2d at 937.) Gomma's witnesses will include two from Florida and seven from Indiana, and Defendant states its belief that many of Plaintiff's witnesses will also come from Indiana. (Def.'s Mot. at 8-9; Toth Aff. at 2).

Plaintiffs note that the class representatives have chosen Michigan as a proper venue, and Defendant "cannot assert plaintiff's inconvenience in support of a motion to transfer.'" (Pls.' Resp. at 10) (quoting *American Can Co. v. Crown, Cork & Seal Co., Inc.*, 433 F. Supp. 333, 338 (E.D. Wis. 1977)). They also argue that several of their key witnesses are in the Detroit area. (Pl.'s Resp. at 10; see, e.g., Clark Decl. ¶ 11.) Plaintiffs offer an affidavit from one of their Indiana witnesses that states travel to Detroit would not be inconvenient. (Smith Decl. ¶ 15.) In addition, they assert that the Indiana witnesses cited by the Defendant are either peripheral or UAW agents who are accustomed to traveling to Detroit. (Pl.'s Resp. at 11.) Plaintiffs argue that witnesses from Indiana would not be significantly inconvenienced traveling to Michigan, and that their testimony could probably be taken by deposition where they are located. (*Id.* at 11-12.) Finally, Plaintiffs argue that relevant proof would not be easier to obtain if the venue were changed to Indiana because many of the documents are at the UAW headquarters in Detroit or in Jacksonville, Florida (*Id.* at 12.) and that Defendant

administered all decisions about the plan from its Florida headquarters, and that there are no ongoing costs of the plan. Therefore, say Plaintiffs, changing venue to Indiana would not reduce plan expenses.

The court finds that most of Gomma's relevant witnesses are in Indiana, as well as the regional UAW Representatives. The Michigan class representative is hundreds of miles away from both Detroit and Fort Wayne, Indiana and her convenience does not support one forum over the other. In addition, Plaintiffs' witnesses who participated in negotiating parts of the plan have offices or are located in Indiana. The court finds that there are few witnesses to be found in the Eastern District of Michigan, perhaps even none at all, and that most of the relevant employees and other witnesses are to be found in Indiana. A court located in Indiana would have the ability to compel the testimony of any unwilling Indiana witnesses. An affidavit submitted by John Toth, the human resources manager for Defendant, states that all or almost all of the relevant documents are in Indiana and that the most relevant events took place in Indiana. In particular, he asserts that "[t]he only representatives of the International Union who participated in the negotiation or execution of the CBA were UAW representatives from Indiana." (*Id.* at ¶ 5.) He also avers that "all the negotiations for the CBA took place in Columbia City, Indiana between Gomma representatives and representatives of UAW Local No. 1404 and representatives of the International Union from Indiana." (*Id.* at ¶ 6.) Toth also contends that "[a]ll or virtually all of the relevant documents of Gomma related to the CBA are located in Indiana." (Toth Aff. at ¶ 8.)

8

Despite Plaintiffs' choice of venue received "accentuated" emphasis in ERISA litigation, the facts of this case make a change in venue practical and fair. Although Defendant "may be found" in Michigan in a two-person office, the alleged breach occurred in an Indiana factory and the plan was administered there.

A decision to transfer venue is supported by general interests of justice because the disputes revolve around an Indiana plant and events that occurred in Indiana. Several of the witnesses that have been specifically named reside in Indiana, including those involved in the negotiations between Defendant and the UAW as well as two of the three class representatives. Although one of Plaintiffs' witnesses stated that it "would not be an inconvenience for [her] to travel from [her] home in Columbia City, Indiana to Detroit, Michigan, to give testimony in this case," this does not convince the court that venue should not be changed to a location in which the alleged events occurred, where many of the individuals who will testify reside, and where trial efficiency and the interests of justice will be best served. In addition, to the extent that travel from Indiana to Michigan would not be inconvenient for one, the court observes that the reverse is also very likely true and that travel from Michigan to Indiana would not be onerous.

Venue shall be transferred to the Northern District of Indiana. This determination makes unnecessary any discussion or consideration of Defendant's motion to dismiss for Plaintiffs' alleged failure to join an indispensable party.

## III. CONCLUSION

IT IS ORDERED that Defendant's "Motion to Dismiss[,] Or in the Alternative, Motion to Transfer Venue" [Dkt. #14] is GRANTED IN PART and DENIED IN PART as follows:

The motion to dismiss is DENIED WITHOUT PREJUDICE.

The motion to transfer venue is GRANTED, and the case is ordered transferred to the Northern District of Indiana.

ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 29, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 29, 2005, by electronic and/or ordinary mail.

s/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522